UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 08-188

JASON FLOWERS                               SECTION: "G"

**ORDER**

Before the Court is Defendant Jason Flowers' ("Flowers") "Motion Pursuant to Rule 60(b)."[1] Having considered the motion, the record, and the applicable law, for the reasons that follow, the Court will construe the motion as a motion for authorization for the District Court to consider the second or successive claims raised therein and transfer the case to the United States Fifth Circuit Court of Appeals for that court to determine whether petitioner is authorized to file the instant habeas corpus petition in this District Court.

**I. Background**

On November 6, 2008, Flowers was charged in a Superseding Indictment with one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine hydrochloride and 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846.[2] Flowers was also charged with using a telephone to facilitate a drug trafficking crime in violation of 21 U.S.C. § 843(b).[3] On February 6, 2009, Flowers was charged in a Superseding Bill of Information with conspiracy to possess with intent to distribute 50 grams

---

[1] Rec. Doc. 748.

[2] Rec. Doc. 39.

[3] *Id.*

1

or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.[4] The Superseding Bill of Information also charged Flowers with having a prior felony drug conviction in violation of 21 U.S.C. § 851(a).[5]

On March 11, 2009, Flowers entered a guilty plea as to Counts One and Two of the Superseding Bill of Information.[6] On July 1, 2009, Flowers appeared before the Honorable Kurt D. Engelhardt and was sentenced to a term of 288 months imprisonment, to be followed by a term of supervised release of ten years.[7]

On July 1, 2010, Flowers filed a motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence.[8] Flowers raised four issues in the motion to vacate: (1) Flowers asserted that his guilty plea was involuntary and unknowing because he was not aware that he would be subject to a 24 year sentence; (2) Flowers argued that the Government was required to prove his prior conviction beyond a reasonable doubt; (3) Flowers contended that his attorney failed to file a notice of appeal on his behalf; and (4) Flowers asserted that he received ineffective assistance of counsel during the pre-trial, plea, and sentencing stages of the case.[9] On November

---

[4] Rec. Doc. 207.

[5] *Id.*

[6] Rec. Doc. 240.

[7] Rec. Doc. 337.

[8] Rec. Doc. 546. Flowers filed an amended motion to vacate on July 29, 2019. Rec. Doc. 551. He also filed a motion for leave to file a second supplemental amendment on March 23, 2011. Rec. Doc. 611.

[9] *See* Rec. Docs. 546, 551, 611.

30, 2010, the Government filed an opposition to the motion.[10] On September 26, 2013, Judge Engelhardt denied the motion to vacate.[11]

On June 26, 2017, Flowers filed the instant Motion Pursuant to Rule 60(b).[12] On May 22, 2018, Judge Engelhardt issued an order requiring the Government to file a response to the motion.[13] On May 30, 2018, the case was reassigned upon the elevation of Judge Engelhardt to the United States Court of Appeals for the Fifth Circuit.[14] On June 11, 2018, the Government filed a response to the motion.[15]

## II. Parties' Arguments

### A. *Flowers' Arguments in Support of Rule 60 Motion*

In the instant motion, Flowers challenges his conviction and sentence under the Supreme Court's holding in *Mathis v. United States* and the Fifth Circuit's holding in *United States v. Hinkle*.[16] Flowers argues that these cases establish that his prior drug conviction under Louisiana law was not a controlled substance offense within the meaning of the Sentencing Guidelines career-offender enhancement.[17] Flowers also argues that his attorney was ineffective by failing to

---

[10] Rec. Doc. 591.

[11] Rec. Doc. 664 (denying Rec. Docs. 546, 551, and 611).

[12] Rec. Doc. 748.

[13] Rec. Doc. 759.

[14] Rec. Doc. 762.

[15] Rec. Doc. 765.

[16] Rec. Doc. 748 at 1 (citing *Mathis v. United States*, 136 S. Ct. 2243 (2016); *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016)).

[17] *Id.*

3

object at sentencing.[18] Finally, Flowers asserts that the instant motion should not be considered a second or successive Section 2255 motion because there has been a change in the law.[19]

## B. *The Government's Response*

In response, the Government argues that Flowers' motion should be considered a second or successive Section 2255 motion because it makes substantive claims regarding alleged ineffective assistance of counsel and the validity of Flowers' sentence.[20] The Government asserts that Flowers must obtain certification from the Fifth Circuit to file a second or successive Section 2255 motion before it can be considered on the merits by this Court.[21] Therefore, the Government contends that the Court should either dismiss the motion or transfer it to the Fifth Circuit to determine whether Flowers is authorized to file it.[22]

## III. Legal Standard

Federal Rule of Civil Procedure 60 regulates the procedures by which a party may obtain relief from a final judgment. Rule 60(b) provides that a court "may relieve a party from a final judgment, order, or proceeding" for any of the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;
(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by any opposing party;
(4) The judgment is void;

---

[18] *Id.* at 2.

[19] *Id.*

[20] Rec. Doc. 765 at 3.

[21] *Id.*

[22] *Id.* at 4.

4

(5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) Any other reason that justifies relief.[23]

"Motions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion."[24]

Rule 60(b) has been used to reopen a judgment in a post-conviction proceeding instituted under 28 U.S.C. § 2255.[25] "However, where a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion."[26] "A defendant is generally permitted only one motion under § 2255 and may not file successive motions without first obtaining [] authorization" from the United States Court of Appeals for the Fifth Circuit.[27] Pursuant to 28 U.S.C § 2255(h), the Fifth Circuit must certify that the second or successive Section 2255 motion contains either:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[28]

"In *Gonzalez*, the Supreme Court distinguished between those Rule 60(b) motions that advance one or more claims from Rule 60(b) motions that attack, not the substance of the federal

---

[23] Fed. R. Civ. P. 60(b).

[24] *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

[25] *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013).

[26] *Id.* (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 & n.4 (2005) (involving Section 2254 petition); *United States v. Williams*, 274 F. App'x 346, 347 (5th Cir. 2008) (applying *Gonzalez* to Section 2255 motions)).

[27] *Id.* (citing 28 U.S.C. § 2255(h); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)).

[28] 28 U.S.C. § 2255(h).

court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."[29] The former should be construed as successive post-conviction relief motions, whereas the latter are bona fide Rule 60(b) motions.[30] "Among the express types of motions that fit into the former category, the Supreme Court included motions that 'attack[ ] the federal court's previous resolution of a claim on the merits.'"[31] If a Rule 60(b)(6) motion is construed as a successive Section 2255 motion, the district court does not have jurisdiction to consider it absent certification by the Fifth Circuit.[32]

In the instant motion, Flowers challenges his conviction and sentence under the Supreme Court's holding in *Mathis v. United States* and the Fifth Circuit's holding in *United States v. Hinkle*.[33] Flowers also argues that his attorney was ineffective by failing to object at sentencing.[34] Therefore, Flowers clearly attempts to raise new claims in the Rule 60(b) motion and must be construed as a successive Section 2255 motion. Flowers' argument that the instant motion should not be considered a successive Section 2255 motion because there has been a change in the law is unavailing because Section 2255(h) specifically provides that the Fifth Circuit must certify

---

[29] *Hernandes*, 708 F.3d at 681 (quoting *Gonzalez*, 545 U.S. at 532) (internal quotation marks and brackets omitted).

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] Rec. Doc. 748 at 1 (citing *Mathis v. United States*, 136 S. Ct. 2243 (2016); *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016)).

[34] *Id.* at 2.

whether a second or successive motion may proceed because it raises a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.[35]

A search of the docket records of the United States Fifth Circuit indicates that Flowers has not sought or obtained the required authorization to bring the claims raised in the instant motion. Until such time as Flowers has done so, this Court is without jurisdiction to proceed. Pursuant to 28 U.S.C. § 163, if a court "finds that there is want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed." Accordingly, the Court will transfer the instant motion to the United States Fifth Circuit Court of Appeals for that court to determine whether Flowers is authorized under 28 U.S.C. § 2255(h) to bring his successive claims in this District Court.

## IV. Conclusion

For the foregoing reasons, the Court lacks jurisdiction over the instant matter and will transfer the instant motion to the United States Fifth Circuit Court of Appeals for that court to determine whether Flowers is authorized under 28 U.S.C. § 2255(h) to bring his successive claims in this District Court. Accordingly,

---

[35] *Id.*

**IT IS HEREBY ORDERED** that the motion be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that court to determine whether Jason Flowers is authorized under 28 U.S.C. § 2255(h) to file a successive Section 2255 motion in this District Court.

**NEW ORLEANS, LOUISIANA**, this 11th day of December, 2018.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**