UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 08-188 |
| JASON FLOWERS | SECTION: "G" |

## ORDER AND REASONS

Pending before the Court is Defendant Jason Flowers' ("Flowers") motion seeking a reduction of sentence pursuant to Section 404(b) of the First Step Act of 2018.[1] The Government opposes the motion.[2] Having considered, the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion.

## I. Background

On November 6, 2008, Flowers was charged in a Superseding Indictment with one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine hydrochloride and 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846.[3] Flowers was also charged with using a telephone to facilitate a drug trafficking crime in violation of 21 U.S.C. § 843(b).[4] On February 6, 2009, Flowers was charged in a Superseding Bill of Information with conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.[5] The

---

[1] Rec. Doc. 815.

[2] Rec. Doc. 832.

[3] Rec. Doc. 39.

[4] *Id.*

[5] Rec. Doc. 207.

1

Superseding Bill of Information also charged Flowers with having a prior felony drug conviction in violation of 21 U.S.C. § 851(a).[6]

On March 11, 2009, Flowers pleaded guilty as charged in the Superseding Bill of Information.[7] At that time, Flowers faced a mandatory minimum term of twenty years imprisonment and a maximum term of life imprisonment.[8] Flowers also faced a mandatory minimum term of ten years supervised release.[9]

On July 1, 2009, Flowers appeared before the Honorable Kurt D. Engelhardt for sentencing.[10] Judge Engelhardt found that Flowers was a career offender under United States Sentencing Guidelines, Section 4B1.1, because he had two prior felony convictions involving drug trafficking.[11] The offense level was calculated as a Level 34, and Flowers had a Criminal History Category of "IV", making the applicable Guidelines imprisonment range 262 to 327 months.[12] Judge Engelhardt sentenced Flowers within the Guideline range to a term of 288 months imprisonment, to be followed by a term of supervised release of ten years.[13]

After Flowers' sentencing, the statutory penalty for this crime was reduced pursuant to the Fair Sentencing Act of 2010 ("Fair Sentencing Act") to a mandatory minimum term of ten years

---

[6] *Id.*

[7] Rec. Doc. 240.

[8] Rec. Doc. 834 at 33.

[9] *Id.*

[10] Rec. Doc. 337.

[11] Rec. Doc. 834 at 8, 26.

[12] *Id.*

[13] Rec. Doc. 337.

imprisonment and a maximum term of life imprisonment.[14] Furthermore, the Fair Sentencing Act reduced the mandatory minimum term of supervised release to a term of eight years.[15] Originally, the Fair Sentencing Act was not retroactive.[16] In December 2018, the President signed into law the First Step Act of 2018 ("First Step Act").[17] Section 404(b) of the First Step Act allows a defendant sentenced under statutory, mandatory minimum provisions that were lowered by the Fair Sentencing Act to petition the court to reduce the sentence as if the lower sentencing provisions were in effect at the time the offense was committed.[18]

This matter was reallotted to the Honorable Nannette Jolivette Brown, Chief Judge of this Court, upon the elevation of the Honorable Kurt D. Engelhardt, formerly Chief Judge of this Court, to the United States Court of Appeals for the Fifth Circuit.[19] Flowers filed the instant *pro se* motion seeking a reduction of sentence pursuant to the First Step Act of 2018.[20] Pursuant to this Court's January 29, 2019 General Order, the motion was referred to the First Step Act Committee for screening. After reviewing the case, the members of the First Step Act Committee agreed that Flowers is eligible to receive a sentence reduction under Section 404 of the First Step Act, but the Government contested a sentence reduction in this case.[21] On November 4, 2019, the Court granted

---

[14] Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010); 21 U.S.C. 841(b)(1)(B).

[15] 21 U.S.C. 841(b)(1)(B).

[16] *United States v. Jackson*, 945 F.3d 315, 320 (5th Cir. 2019).

[17] Pub. L. No. 115-391, 132 Stat. 5194, 5194–249 (2018).

[18] *Id.* at 5222.

[19] Rec. Doc. 762.

[20] Rec. Doc. 815.

[21] Rec. Doc. 834 at 2.

a motion to enroll an Assistant Federal Public Defender in the case as counsel of record for Flowers.[22] On December 18, 2019, the Government filed an opposition to the motion.[23] On February 27, 2020, Flowers, through counsel, filed a reply brief in further support of the motion.[24]

## II. Parties' Arguments

### A.  *Flowers' Arguments in Support of the Motion*

In the instant motion, Flowers seeks a reduction of sentence pursuant to Section 404(b) the First Step Act.[25] Flowers argues that he is entitled to a reduction of sentence in light of the enactment of the First Step Act, which made the Fair Sentencing Act retroactive.[26] Therefore, Flowers asserts that he should be resentenced in light of the First Step Act.[27]

### B.  *The Government's Response*

In response, the Government does not dispute that Flowers is eligible for a potential reduction under Section 404(b) of the First Step Act.[28] However, the Government requests that the Court deny or limit the extent of any reduction because Flowers' current sentence is within the Career Offender Guideline range and because of Flowers' post-sentencing conduct.[29]

---

[22] Rec. Doc. 840.

[23] Rec. Doc. 832.

[24] Rec. Doc. 840.

[25] Rec. Doc. 815.

[26] *Id*.

[27] *Id.*

[28] Rec. Doc. 832 at 1.

[29] *Id.*

Specifically, the Government acknowledges that at the time of sentencing, Flowers faced a sentence of at least twenty years imprisonment but up to life imprisonment.[30] Under the Fair Sentencing Act—made retroactively applicable to this case by the First Step Act—the statutory sentencing range is reduced to a term of at least ten years imprisonment but up to life imprisonment.[31] Therefore, the Government does not dispute that Flowers is entitled to consideration of a sentence reduction under Section 404(b) of the First Step Act.[32]

In considering whether and to what extent to reduce Flowers' sentence, the Government notes that the Court should consider the factors under 18 U.S.C. § 3553(a) along with the defendant's positive and negative post-offense conduct.[33] Here, the Government asserts that the Court should deny or limit any reduction because Flowers' Guideline range has not changed and considering his post-sentencing behavior.[34]

The Government notes that at sentencing Flowers was found to be a career offender, and that the Career Offender Guidelines still apply after application of the statutory sentencing reduction authorized by the Fair Sentencing Act.[35] The Government posits that if Flowers were being sentenced today, he would still be a career offender facing an advisory Guideline range of

---

[30] *Id.* at 6.

[31] *Id.*

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] *Id.*

262 to 327 months, and Flowers' "recidivism and criminal history would drive the Guideline range today just as it did when he was sentenced in 2009."[36]

Finally, the Government asserts that the Court should consider Flowers' post-sentencing conduct while in prison.[37] The Government cites the "Inmate Discipline Data" showing that between 2013 and 2019, Flowers was sanctioned numerous times, mostly for possessing unauthorized items and drugs or alcohol.[38] However, the Government acknowledges that none of these incidents appeared to involve any violence, and prison records reflect that Flowers has participated in several educational courses during his incarceration.[39] Based on the entire record, the Government asserts that Flowers has not shown exemplary post-sentencing conduct lending "strong support to a conclusion that imprisonment is no longer necessary to deter [Flowers] from engaging in future criminal conduct or to protect the public from his future criminal acts."[40] Therefore, the Government requests that the Court deny or limit any sentence reduction under Section 404(b) of the First Step Act.[41]

C. *Flowers' Arguments in Further Support of the Motion*

In the reply brief, Flowers urges the Court to reduce the sentence imposed to a term of "time served" in prison and a term of supervised release of 8 years, consistent with the revised

---

[36] *Id.* at 7.

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] *Id.* (citing *Gall v. United States*, 552 U.S. 38, 59 (2007))

[41] *Id.* at 8.

statutory minimum for this offense.[42] The defense acknowledges that Flowers technically qualifies as a career offender and faces the same Guideline range that he did at his original sentencing hearing, but the defense argues that "the United States Sentencing Commission has advised against the strict application of the Career Offender Guideline to people like Flowers, whose classification is based solely on drug-related offenses."[43]

Flowers contends that recent data-based guidance from the Sentencing Commission advises against the strict application of the Career Offender Guideline to him because his classification is based solely on prior drug offenses.[44] Flowers points to data showing that "drug trafficking only career offenders" proved to have lower recidivism rates than other career offenders, with rates that were "relatively similar" to those of non-career offenders.[45] Flowers asserts that "over the last few years, district courts around the country have been acknowledging this issue—and the Commission's data—and applying downward variances under circumstances similar to Flowers' case, in an effort to avoid the 'unwarranted sentencing uniformity' that the Guideline currently creates."[46] For these reasons, Flowers argues that a sentence below the Guideline range is warranted because the Sentencing Commission's data-based guidance indicates

---

[42] Rec. Doc. 840 at 1.

[43] *Id.*

[44] *Id.* at 4.

[45] *Id.* at 6 (citing U.S. Sentencing Comm'n, Report to the Congress: Career Offender Sentencing Enhancements, at 3 (Aug. 2016), https://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/criminal-history/201607_RtC-Career-Offenders.pdf ("USSC COG Report")).

[46] *Id.* at 7 (citations omitted).

that the Career Offender Guideline categorically over-penalizes offenders like him who do not have any convictions for "crimes of violence."[47]

Next, Flowers asserts that his post-sentence prison infractions are non-violent and were addressed administratively by sanctions from the Bureau of Prisons.[48] Flowers notes that he has completed drug education and taken vocational courses and parenting classes while incarcerated.[49]

Finally, Flowers asserts that Sentencing Commission data related to age and recidivism rates also supports a sentence reduction.[50] Flowers cites a 2017 report by the Sentencing Commission finding that "older offenders are substantially less likely to recidivate following release compared to younger cohorts" and that "as age increases recidivism by any measure declined."[51] Therefore, Flowers argues that a sentence reduction is appropriate in his case based on the totality of the circumstances, including the lowered likelihood of recidivism in light of his age and personal growth.[52]

### III. Legal Standard

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstance."[53] One of

---

[47] *Id.* at 8.

[48] *Id.*

[49] *Id.* at 9.

[50] *Id.* at 10.

[51] *Id.* (citing U.S. Sentencing Comm'n, The Effects of Aging on Recidivism Among Federal Offenders, at 2 (Dec. 2017), available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pd).

[52] *Id.* at 12.

[53] *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quotation marks and brackets omitted) (citing 18 U.S.C. § 3582(b)).

those limited circumstances authorizes a court to "modify an imposed term of imprisonment to the extent [] expressly permitted by statute[.]"[54] By its own terms "the First Step Act grants a district judge limited authority to consider reducing a sentence previously imposed."[55]

Section 404 of the First Step Act makes retroactive certain portions of the Fair Sentencing Act. Applicable here, Section 2 of the Fair Sentencing Act, entitled Cocaine Sentencing Disparity Reduction, increased the drug quantity triggering certain mandatory minimum sentences for cocaine base.[56] Section 404 of the First Step Act makes these mandatory minimum rules retroactive to "covered offenses," *i.e.* offenses that were committed before August 3, 2010, "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act."[57] Section 404(b) of the First Step Act provides: "A court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."[58] Under Section 404(b) of the First Step Act, "[t]he calculations that had earlier been made under the Sentencing Guidelines are adjusted 'as if' the lower drug offense sentences were in effect at the time of the commission of the offense."[59]

---

[54] 18 U.S.C. § 3582(c)(1)(B).

[55] *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019).

[56] Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010).

[57] Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018).

[58] *Id.*

[59] *Hegwood*, 934 F.3d at 418.

A court may not "entertain a motion" under Section 404 if either (1) the sentence was "previously imposed or previously reduced in accordance with" Sections 2 or 3 of the Fair Sentencing Act, or (2) "a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits."[60] Furthermore, Section 404(c) provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."[61]

In deciding whether and to what extent to reduce a sentence pursuant to the First Step Act, a court may consider the factors under 18 U.S.C. § 3553(a).[62] A court may also consider a defendant's post-conviction conduct in making its determination of whether to reduce a sentence.[63]

### IV. Analysis

It is undisputed that the mandatory minimum term of imprisonment applicable to this case was modified from 240 months to 120 months by Section 2 of the Fair Sentencing Act.[64] It is also undisputed that the offense was committed before August 3, 2010. Thus, Flowers' offense is a "covered offense" under Section 404 of the First Step Act, and the new applicable mandatory minimum is 120 months imprisonment. Moreover, Flowers' sentence was not "previously imposed or previously reduced in accordance with" Sections 2 or 3 of the Fair Sentencing Act, and Flowers

---

[60] Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018).

[61] *Id.*

[62] *See United States v. Jackson*, 945 F.3d 315, 322 (5th Cir. 2019). *In Jackson*, the Fifth Circuit found that the district court "properly considered Jackson's extensive criminal history and role in the offense in declining to reduce the sentence." *Id.* The Fifth Circuit did not hold that the court *must* consider the factors in 18 U.S.C. § 3553(a), reserving that "issue for another day." *Id.* at 322, n.8.

[63] *Id.* at 322, n.7 ("We do not hold that the court *cannot* consider post-sentencing conduct—only that it isn't required to.").

[64] Rec. Doc. 832 at 1; Rec. Doc. 840 at 4, n.10.

has not previously filed a motion under Section 404 of the First Step Act that was subsequently denied after a review on the merits.[65] Accordingly, Flowers is eligible for a sentence reduction under Section 404 of the First Step Act.

Flowers urges this Court to re-sentence him "toward" the current mandatory minimum of 120 months or time served, because he contends that his current sentence "is longer than necessary to comply with the statutory sentencing goals."[66] The Government does not dispute that it is within the Court's discretion to reduce Flowers' sentence, instead arguing only that the Court should decline to exercise this discretion or limit the requested reduction because Flowers' Career Offender Guideline range has not changed and because of Flowers' post-sentencing behavior.[67] In response, Flowers argues that recent data-based guidance from the Sentencing Commission advises against the strict application of the Career Offender Guideline to him because his classification is based solely on prior drug offenses.[68] Additionally, Flowers notes that the post-sentence prison infractions upon which the Government relies are non-violent and were addressed administratively by sanctions from the Bureau of Prisons.[69] Flowers also notes that he has completed drug education and taken vocational courses and parenting classes while incarcerated.[70]

---

[65] *See* Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018).

[66] Rec. Doc. 840 at 3–4.

[67] Rec. Doc. 832 at 4–6.

[68] Rec. Doc. 840 at 4.

[69] *Id.* at 8.

[70] *Id.* at 9.

In deciding whether and to what extent to reduce a sentence pursuant to the First Step Act, the Court may consider the factors under 18 U.S.C. § 3553(a), as well as Flowers' post-conviction conduct.[71]

Pursuant to 18 U.S.C. § 3553(a)(1), the Court may consider "the nature and circumstances of the offense. . . ." The instant offense involved a large drug trafficking conspiracy.[72] Flowers pleaded guilty to conspiring to possess with the intent to distribute more than 50 grams of cocaine base.[73] Flowers admitted to being responsible for distributing a total of 141.75 grams of cocaine base.[74] The Court has not been provided any evidence suggesting that a firearm was used or possessed by Flowers in furtherance of the conspiracy.

Pursuant to 18 U.S.C. § 3553(a)(1), the Court may also consider "the history and characteristics of the defendant." Flowers is 42 years old.[75] He has been incarcerated for the instant offense since November 10, 2008.[76] His current projected release date is October 4, 2029.[77] He has a prior conviction for possession with intent to distribute cocaine, distribution of cocaine, and issuing worthless checks, all of which occurred in 1997 when he was 19–20 years old.[78] He has no

---

[71] *See Jackson*, 945 F.3d at 322, n.7, n.8.

[72] *See* PSR at ¶¶ 51–78.

[73] Rec. Doc. 240.

[74] Rec. Doc. 245 at 3.

[75] PSR at p.2.

[76] *Id.* at p.1.

[77] https://www.bop.gov/inmateloc/ (last visited Apr. 15, 2020).

[78] *See* PSR at ¶¶ 97–104.

12

prior convictions for crimes of violence.[79] He also has multiple prior arrests.[80] Flowers has four children, and he reports maintaining a relationship with them while he has been incarcerated for the instant offense.[81] Flowers admitted to having a history of alcohol, marijuana, cocaine, and Ecstasy abuse.[82] He reported that he started consuming alcohol at the age of 12 and smoking marijuana at the age of 13.[83] He earned a high school diploma in 1995, and prior to his incarceration he was employed as a mechanics helper.[84]

During his incarceration, Flowers has committed the following infractions: (1) "stating to unit manager that he was refusing to eat until someone with authority addressed their issues" in 2013; (2) possessing an unauthorized item in 2014; (3) being unsanitary or untidy in 2015; (4) being in possession of stolen property in 2015; (5) possessing "intoxicant related paraphernalia" in 2016; (6) possessing "drugs/alcohol" in 2016; (7) possessing a cell phone in 2017; and (8) "admitted to trying to take chicken out of F/S and eating short line, but did not work in F/S" in 2019.[85] These infractions were addressed administratively through sanctions by the Bureau of Prisons.[86] During his incarceration, Flowers has successfully completed drug education classes, vocational classes, and life-skills classes.[87] Flowers has committed some non-violent infractions

---

[79] *See* PSR at ¶¶ 97–104.

[80] *Id.*

[81] *Id.* at ¶ 124; Rec. Doc. 840 at 9–10.

[82] PSR at ¶ 132.

[83] *Id.*

[84] *Id.* at ¶ 137.

[85] Inmate Discipline Data, Chronological Discipline Record.

[86] *Id.*

[87] Inmate Education Transcript.

during his incarceration, but the more serious infractions occurred several years ago. Therefore, Flowers's post-conviction conduct on the whole shows that he has committed his time in prison to self-improvement and rehabilitation.

Pursuant to 18 U.S.C. § 3553(a)(6), the Court may consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The qualifying convictions that led to Flowers' classification as a career offender were drug-related offenses and not "crimes of violence." The U.S. Sentencing Commission has advised against the strict application of career offender Guidelines in such circumstances. In a 2016 report to Congress, the U.S. Sentencing Commission advised that "[d]rug trafficking only career offenders . . . should not categorically be subject to the significant increases in penalties required by the career offender directive" because they "are not meaningfully different from other federal drug trafficking offenders[.]"[88] The 2016 report cited data establishing "clear and notable differences between career offenders who have committed a violent offense and those who are deemed career offenders based solely on drug trafficking offenses."[89] The data shows that "drug trafficking only career offenders" proved to have lower recidivism rates than other career offenders, with rates thatwere "relatively similar" to those of non-career offenders.[90] For these reasons, a sentence below the Guideline range is warranted because the Sentencing Commission's

---

[88] U.S. Sentencing Comm'n, Report to the Congress: Career Offender Sentencing Enhancements, at 3 (Aug. 2016), https://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/criminal-history/201607_RtC-Career-Offenders.pdf ("USSC COG Report").

[89] *Id.* at 4.

[90] *Id.* at 40.

data-based guidance indicates that the Career Offender Guideline over-penalizes offenders, like Flowers, who do not have any convictions for "crimes of violence."

## V. Conclusion

In conclusion, Flowers has served over 11 years of a sentence that now carries a mandatory minimum sentence of 10 years. However, the applicable Guidelines imprisonment range remains 262 to 327 months. Based on the nature and circumstances of the offense, the history and characteristics of the defendant, Flowers' post-conviction conduct, and the need to avoid unwarranted sentence disparities, the Court finds it appropriate to impose a sentence below the Guideline range. Therefore, the Court will exercise its discretion to reduce the sentence to a term of time served to be followed by a term of supervised release of eight years. Such a sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jason Flowers's motion seeking a reduction of sentence pursuant to Section 404(b) of the First Step Act of 2018[91] is **GRANTED** and Defendant Jason Flowers is sentenced to a term of imprisonment of time served to be followed by a term of supervised release of eight years.[92]

**NEW ORLEANS, LOUISIANA**, this  20th  day of April, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[91] Rec. Doc. 815.

[92] The reduced sentence shall be effective **10 days** following the date of this Order indicated above.